# IN THE COURT OF APPEALS OF IOWA

No. 20-1637
Filed March 3, 2021

**IN THE INTEREST OF E.T., A.T., JT., and S.T.,**
**Minor Children,**

**T.T., Mother,**
    Appellant.
_____


Appeal from the Iowa District Court for Union County, Monty Franklin, District Associate Judge.


A mother appeals the termination of her parental rights.  **AFFIRMED.**


Shireen L. Carter of Shireen Carter Law Office, PLC, Norwalk, for appellant mother.

Thomas J. Miller, Attorney General, and Meredith L. Lamberti, Assistant Attorney General, for appellee State.

Adam Stone, Urbandale, attorney and guardian ad litem for minor children.


Considered by Bower, C.J., and Doyle and Mullins, JJ.

**BOWER, Chief Judge.**

A mother appeals the termination of her parental rights pursuant to Iowa Code section 232.116(1)(d), (e), (f), (k), and (*l*) (2020).  She contends termination of her parental rights is not in the children's best interests, a permissive factor exists to avoid termination, and there is insufficient evidence to support termination under paragraphs "k" and "*l*."[1]  Discerning no reason to reverse the juvenile court's ruling, we affirm.

We review termination-of-parental-rights proceedings de novo.  *In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2020).  We give weight to the juvenile court's findings of fact, especially in assessing the credibility of witnesses, but we are not bound by them.  *Id.*

> Termination of parental rights under [Iowa Code] chapter 232 follows a three-step analysis.  First, the court must determine if a ground for termination under section 232.116(1) has been established.  If a ground for termination is established, the court must, secondly, apply the best-interest framework set out in section 232.116(2) to decide if the grounds for termination should result in a termination of parental rights.  Third, if the statutory best-interest framework supports termination of parental rights, the court must consider if any statutory exceptions set out in section 232.116(3) should serve to preclude termination of parental rights.

*In re D.W.*, 791 N.W.2d 703, 706–07 (Iowa 2010) (internal citations omitted).  "On appeal, we may affirm the juvenile court's termination order on any ground that we find supported by clear and convincing evidence."  *Id.* at 707.

*Grounds for termination.*  The mother has four children: E.T., born in 2008; A.T., born in 2010; J.T., born in 2014; and S.T., born in 2016.  This is not the first juvenile court proceedings involving this family.  E.T. and A.T. were removed from

---

[1] The father's parental rights were also terminated.  He did not appeal.

their parents' custody in 2012 due to the parents' neglect and use of illegal substances. The children spent three months in foster care in 2012, and an additional nine months with their paternal grandparents in 2013. The children were returned to the parents and the juvenile proceedings were closed. In 2017, the family participated in voluntary services offered by the department of human services (DHS). Then, the four children were removed from the parents' care in September 2018 after the mother was arrested for selling methamphetamine from the family home.

The mother only contests termination under sections 232.116(1)(k) and (*l*). Because she does not challenge termination under sections 232.116(1)(d), (e), and (h), we need not address the first step of the three-step analysis. *See In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010) ("Because the father does not dispute the existence of the grounds under sections 232.116(1)(d), (h), and (i), we do not have to discuss this step.").

*Best interests of the children.* The mother argues termination of her parental rights is not in the children's best interests because at the time of the trial, she was compliant with DHS's recommendations and participating in services as requested. She also notes the children are not together and DHS had not adequately considered her mother's request to be considered a placement. The mother argues it is not in the children's best interests "to have the legal sibling relationship terminated." In addition, the mother notes the foster care review board did not recommend terminating the mother's rights.

The statutory best-interest analysis requires that we give primary consideration to "the child[ren]'s safety, . . . the best placement for furthering the

long-term nurturing and growth of the child[ren], and . . . the physical, mental, and emotional condition and needs of the child[ren]." Iowa Code § 232.116(2). For a child who has been placed with a foster family, we consider whether the child has been integrated into the foster family, and whether the foster family is able and willing to adopt the child. *Id.* § 232.116(2)(b); *see D.W.*, 791 N.W.2d at 708.

This family has been affected by the parents' drug use and instability for too long. At the time of trial, the children had been out of parental custody for almost twice the statutory one-year limit. *See* Iowa Code § 232.116(1)(f)(3) ("The child has been removed from the physical custody of the child's parents for at least twelve of the last eighteen months, or for the last twelve consecutive months and any trial period at home has been less than thirty days."). "Once the limitation period lapses, termination proceedings must be viewed with a sense of urgency." *In re C.B.*, 611 N.W.2d 489, 495 (Iowa 2000).

The mother's efforts came six months after the December 30, 2019 permanency-review hearing and after the goal of the proceedings had been changed from reunification to termination and adoption. We also note her efforts come after two notices of probation violation and a scheduled probation revocation proceeding. Her probation officer testified she intended to recommend the mother's probation be revoked and she serve time in prison. While we encourage the mother to pursue her recent efforts toward substance-abuse and mental-health treatment, such eleventh-hour efforts are not sufficient. *See id.* ("A parent cannot wait until the eve of termination, after the statutory time periods for reunification have expired, to begin to express an interest in parenting."). We note, too, that the

children's guardian ad litem recommended termination of the mother's parental rights.

E.T. and A.T. have been in the paternal grandparents' custody and care since the removal. They are comfortable and secure in that placement. J.T. and S.T. had been placed with the paternal grandparents as well, but the grandparents were unable to provide for the needs of all the children after a time,[2] so the younger two were moved to a foster family. Later, J.T.'s behavioral challenges required a separate placement. S.T.'s special needs are being met in her current placement, as are J.T.'s.[3] All four children's placements are preadoptive. The caregivers have been amenable and cooperative with sibling visits. The children are in need of permanency. We conclude termination of the mother's parental rights is in the children's best interests.

*Permissive factors to avoid termination.* Section 232.116(3) provides that "[t]he court need not terminate the relationship between the parent and child" under certain circumstances. *See* Iowa Code § 232.116(3)(a), (c) (providing permissive factors that may weigh against termination, including a "relative has legal custody of the child" and "termination would be detrimental to the child at the time due to the closeness of the parent-child relationship"). "'The factors weighing against termination in section 232.116(3) are permissive, not mandatory,' and the court

---

[2] S.T. is described as "globally" developmentally delayed and requires special treatments for a number of issues; she has autism, hearing loss, visual impairment, and remains pre-verbal. J.T. exhibits behavioral issues that require consistency and therapy. Both E.T. and A.T. are involved in ongoing mental-health therapy.

[3] The State notes that during the course of these juvenile court proceedings, the mother has had the opportunity to attend all of the children's medical appointments and has not attended any of them. Nor has she consistently communicated with the children's physicians, therapist, teachers, or other service providers.

may use its discretion, 'based on the unique circumstances of each case and the best interests of the child, whether to apply the factors in this section to save the parent-child relationship.'" *A.M.*, 843 N.W.2d at 113 (citations omitted). Like the juvenile court, we are not persuaded this is such a case. We therefore affirm the termination of the mother's parental rights.

**AFFIRMED.**